IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES LARRY ANDREWS**, | ) | |
| | ) | 2:15cv530 |
| Petitioner, | ) | Electronic Filing |
| | ) | |
| v. | ) | Judge David Stewart Cercone |
| | ) | |
| **TAMMY FERGUSON,** | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM ORDER**

This case was commenced on April 23, 2015, and was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges. On April 24, 2015, Petitioner's motion for Leave to Proceed in forma pauperis was granted and his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 was filed. (ECF No. 4.)

On that same day, Magistrate Judge Eddy filed a Report and Recommendation (ECF No. 3) recommending that the Petition for Writ of Habeas Corpus be summarily dismissed as Petitioner has not received permission from the United States Court of Appeals for the Third Circuit to file a second or successive petition. It was also recommended that a certificate of appealability be denied. Petitioner was served with the Report and Recommendation at his listed address and was advised Objections to the Report and Recommendation were due by May 11, 2015.

1

Petitioner timely filed objections in which he argues that his petition is not "second or successive" because his petition is filed "on different issues." Petitioner misundstands the meaning of a "second or successive" petition.

A habeas application is classified as second or successive if a prior application has been decided on the merits, and the prior and subsequent applications challenge the same conviction. C.f. Magwood v. Patterson, 561 U.S. 320, 341-42 (2010) ("the phrase 'second or successive' must be interpreted with respect to the judgment challenged," and where "there is a new judgment intervening between the two habeas petitions, . . . an application challenging the resulting new judgment is not 'second or successive' at all."); In re Brown, 594 F. App'x 726, 728 (3d Cir. 2014) (same). Here, both of Petitioner's § 2254 petitions challenge the same 2007 conviction and sentence. The Court denied Petitioner's first petition on the merits.[1] Thus, Petitioner's new application is a second or successive petition within the meaning of 28 U.S.C. § 2244.

Authorization by the United States Court of Appeals for the Third Circuit is required before this court can proceed with an adjudication of a second or successive petition. 28 U.S.C. § 2244(b)(3)(A). The record is clear that Petitioner has not obtained leave from the United States Court of Appeals for the Third Circuit to file his new petition. Consequently, this court is without statutory authorization to consider the instant petition.

---

1  On October 3, 2012, this Court denied on the merits Petitioner's first petition as well as petitioner's concomitant request for a certificate of appealability. See Andrews v. Cameron, 2:11cv00926 (W.D. Pa.). On February 27, 2013, the United States Court of Appeals denied Petitioner's request for a certificate of appealability "because jurists of reason would not debate the District Court's denial of appellant's claims."

After de novo review of the petition and the Report and Recommendation, the following order is entered:

**AND NOW**, this 21st day of May, 2015;

**IT IS ORDERED** that the instant petition for writ of habeas corpus shall be, and hereby is, **DISMISSED** for lack of jurisdiction. Inasmuch as reasonable jurists would not find it debatable whether the instant petition is a second or successive petition as to which jurisdiction is lacking, **IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

The Report and Recommendation filed on April 24, 2015 (ECF No. 3), as augmented above is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

<u>s/David Stewart Cercone</u>
David Stewart Cercone
United States District Judge

cc: JAMES LARRY ANDREWS
HD-8493
SCI Benner Township
301 Institution Drive
Bellefonte, PA 16823
(via U.S. First Class Mail)